IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HOWARD M. NEAL**                                                                                    **PETITIONER**

**V.**                                                        **CIVIL ACTION NO. 2:11-CV-174-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                          **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

On October 5, 2011, Respondents filed their Motion to Dismiss [4] this matter as barred by the statute of limitations imposed by 28 U.S.C. § 2244(d). The Magistrate Judge entered his Report and Recommendation [6] on April 20, 2012, recommending that the Court grant the motion and dismiss the petition with prejudice. On May 4, 2012, Petitioner filed his objection. Accordingly, this matter is ripe for review.

The only dispute in this matter is whether Section 2244(d)'s statute of limitations began to run on February 23, 2010 (the day on which Petitioner's time period for filing a writ of certiorari with the Mississippi Supreme Court expired)[1] or on May 10, 2010 (ninety days after the Mississippi Court of Appeals denied Petitioner's motion for rehearing and – Petitioner argues – the date on which his time period for filing a petition for a writ of certiorari with the United States Supreme Court expired).[2]

This Circuit's law is clear. Section 2244(d)'s statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the

---

[1] *See* MISS. R. APP. P. 17(b).

[2] *See* SUP. CT. R. 13.

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] When a petitioner does not file a petition with the state court of last resort for discretionary review, he is "unable to pursue further direct review" to the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 n. 14 (5th Cir. 2003) (citing SUP. CT. R. 10(b), 6, 13). Accordingly, the Fifth Circuit has held that once the time period for seeking discretionary review by the state court of last resort has expired, a judgment is final for purposes of Section 2244(d). *Id.*; *Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) ("For petitioners . . . who do not exhaust their state court rights, the expiration of the time for seeking [direct] review is clearly when the petitioner can no longer timely file for further state court review . . . .").

Petitioner urges the Court to ignore the established law in this Circuit, arguing that it is contrary to the holding of the United States Supreme Court in *Jiminez v. Quarterman*, 555 U.S. 113, 119-20, 129 S. Ct. 681, 172 L. ed. 2d 475 (2009). Therein, the Court held that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to [the Supreme Court of the United States] has been exhausted." *Id.* at 119 (punctuation and internal citations omitted). Accordingly, Petitioner argues that direct review did not conclude on February 23, 2010, insofar as his time period for filing a petition for writ of certiorari with the Supreme Court of the United States had not expired.

The Court disagrees. Supreme Court Rule 13 provides: "A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to

---

[3]The parties agree that Sections 2244(d)(1)(B)-(D) are inapplicable here.

discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days *after entry of the order denying discretionary review.*" SUP. CT. R. 13 (emphasis added). In the present case, Petitioner never sought discretionary review by filing a petition for writ of certiorari with the Mississippi Supreme Court. Accordingly, the 90-day time period for seeking a writ of certiorari from the Supreme Court of the United States is inapplicable, and the judgment became final on February 23, 2010, the date on which Petitioner's time period for seeking the discretionary review of the Mississippi Supreme Court expired. *Gonzalez*, 623 F.3d at 225; *Roberts*, 319 F.3d at 693 n. 14.

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record and a de novo review of the issue addressed in the Petitioner's objection. For the reasons stated above, the Court concludes that the Magistrate Judge's Report and Recommendation is an accurate statement of the facts and a correct analysis of the law. Therefore, the Court accepts, approves, and adopts the factual findings and legal conclusions contained in the Report and Recommendation entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, Respondents' Motion to Dismiss [4] is **granted**, and Petitioner's Petition for a Writ of Habeas Corpus is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this, the 17th day of May, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

3